IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| KAARE D. GULBRANSON,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>SHERIFF CASTLE/CPT. O'FALLEN,<br>Administrator,<br><br>　　　　Respondents. | Cause No. CV 05-05-M-JCL<br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On January 12, 2005, Petitioner Kaare Gulbranson filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Gulbranson is a former state prisoner proceeding pro se. He was incarcerated at the time he filed the petition.

I. Background

Gulbranson challenges his conviction and sentence based on his 1999 guilty plea to two counts of driving under the influence ("DUI"), offenses that were felonies because Gulbranson had been convicted three times previously of DUI. He was sentenced to serve five years and one month in prison, with four years suspended. See Pet. (doc. 2) at 3.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

While Gulbranson was serving his suspended sentence, he was arrested for probation violations, but his hearing was not held in compliance with the Montana Supreme Court's decision in *State v. Giddings*, 29 P.3d 475 (Mont. 2001). On November 7, 2001, the State issued and served a new warrant on Gulbranson. Under the circumstances, the Montana Supreme Court concluded that the service of the new warrant was appropriate.

Gulbranson appeared in state district court on March 28, 2002, and pled guilty, apparently to the probation violations. He was sentenced to six months' treatment at a DUI treatment facility in Warm Springs. He has now been released from confinement.

In his federal petition, Gulbranson raised ten grounds for relief:

  (1) He was denied effective assistance of counsel on his prior DUI convictions and he was indigent and still charged $250.00, *see* Pet. (doc. 2) at 8;

  (2) There was no felony advisory given to him on his prior DUI convictions, *id.*;

  (3) The "Oakland Challage" [sic] was not brought up prior to his entering his guilty pleas, that is, there was a five-year lapse between his 1993 misdemeanor DUI conviction and his 1999 conviction and the 1993 conviction should have been expunged from his record along with all the other previous DUI convictions, *id.* at 8-9;

  (4) He is owed 130 days credit for time served, *id.* at 9;

  (5) All grounds of his appeal should have been heard, *id.*;

  (6) "Time served/served on fines, comm. service, crt. costs, atty. fees, vacate conditions," *id.*;

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

(7) "Expungement or correction, effect of aquital or dismissal," Pet. at 9;

(8) "Charges dropped 3/10/04, won't release, or give fair hearing, due process violation," id.;

(9) "Gate Money," id.; and

(10) He has asked his attorney to send his file to the Court and his attorney has not done so, id.

On September 29, 2005, United States Magistrate Judge Leif B. Erickson issued an Order requiring Gulbranson to show an excuse for the procedural default of Claims 1, 2, 3, 5, and 7. The Court also reasoned that Claims 4, 6, and 8 were moot, and Claims 9 and 10 failed to state a claim for deprivation of rights under federal law.

On November 14, 2005, Gulbranson responded to the Court's Order.

## II. Analysis

### A. Procedural Default

Gulbranson does not attempt to show cause to excuse his procedural default. Instead, he asserts that he is actually innocent of the fourth DUI offense. See Resp. to Order (doc. 18) at 1 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995); Majoy v. Roe, 296 F.3d 770 (9th Cir. 2002)). He appears to predicate this conclusion on the state district court's purported lack of subject-matter jurisdiction to try or sentence him for the felony offense. See Resp. to Order at 1.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Gulbranson's argument alleges errors in the trial court's proceedings in order to demonstrate the absence of subject-matter jurisdiction. The Montana Supreme Court has held that erroneous decisions - assuming, for the sake of argument, that any were made in this case - do not strip a court of subject-matter jurisdiction. See Pena v. State, 100 P.3d 154, 160 ¶¶ 24-25 (Mont. 2004). The Eleventh Judicial District Court plainly had subject-matter jurisdiction to hear the State's allegations against Gulbranson and to sentence him. See Mont. Code Ann. § 3-5-302(1)(a) (1997). Consequently, Gulbranson's conclusory statement that "no reasonable juror would have found [him] guilty, beyond a reasonable doubt, if the errors of which [he] complain[s] had not been committed," Resp. to Order at 2, is not well-taken.[1]

Gulbranson offers no other evidence or argument in support of his innocence. The Court can only conclude that he has failed to excuse his procedural default. Claims 1, 2, 3, 5, and 7 should be dismissed with prejudice.

**B. Mootness**

Gulbranson's claims regarding receiving credit for time served and failing to discharge him on an earlier date (Claims 4, 6 and 8) are now moot. Gulbranson's sentence has expired and he has been released from custody. Habeas relief is no longer available; the

---

[1] Gulbranson also asserts that his claims are not procedurally defaulted. He offers no argument on that point.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

Court cannot order the release of a released prisoner.

The case-or-controversy requirement of Article III, §§ 2, of the United States Constitution requires that "'the parties ... continue to have a personal stake in the outcome of the lawsuit.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)) (internal quotation marks omitted). "A case is moot only if interim events have 'completely and irrevocably eradicated the effects of' an allegedly improper ruling." *In re Pintlar Corp.*, 124 F.3d 1310, 1312 (9th Cir. 1997) (quoting *Wong v. Dep't of State*, 789 F.2d 1380, 1384 (9th Cir. 1986)).

Even if there were merit to Gulbranson's claims, this Court lacks the ability to remedy Claims 4, 6, and 8 under a habeas petition. This renders these claims moot. *See United States v. Johnson*, 529 U.S. 53, 59-60 (2000) (holding that excess prison time is not interchangeable with, and does not reduce, a supervised release term); *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (concluding that the petitioner's constitutional challenge to confinement was moot because petitioner was released). Claims 4, 6, and 8 should be dismissed.

### C. Failure to State a Claim

Gulbranson's ninth and tenth claims fail to state a claim upon which relief can be granted in the habeas context. Where a prisoner challenges the fact or duration of his confinement, his

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1989). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is proper where a prisoner wishes to challenge the conditions of his confinement. *Id.* Each claim provides a prisoner with access to the federal courts for "claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation." *Heck v. Humphrey*, 512 U.S. 477, 480 (1994).

Gulbranson's ninth and tenth claims are not challenges to his conviction or sentence and as such are not properly brought as habeas claims. The reference to "Gate Money" in the ninth claim fails to state a claim upon which relief could be granted. Merely stating "Gate Money," which is the entirety of the ninth claim, does not give the Court the slightest indication what Gulbranson is talking about. The tenth claim, apparently seeking to have attorney Dean Knapton send exhibits to this Court, is equally unclear. At any rate, neither claim affects his conviction or sentence. As convictions and sentences are the only proper object of a habeas petition, Claims 9 and 10 should be dismissed.

**D. Purported Claims 11 and 12**

In his response to the Order of September 29, 2005, Gulbranson states:

In the crts. order they fail to mention that I state

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

> repeatedly on all grounds including 11 + 12 they totally failed to mention (#11 D.O.C. no authority to enhance sentence, 11th Judicial Crts. authority, and #12 entrapment charges were dropped), that the 11th Judicial District Crt. of Kalispell, MT. lack subject matter jurisdiction ....

Resp. to Order at 1.

The reason the Court "totally failed to mention" Claims 11 and 12 is that they are not included in Gulbranson's petition. They will not be considered now.

### E. Conclusion

Each of Gulbranson's claims for relief should be dismissed. Claims 1, 2, 3, 5, and 7 are procedurally defaulted without excuse. Claims 4, 6, and 8 are moot. Claims 9 and 10 do not state claims on which federal habeas relief may be granted. Consequently, the petition should be dismissed.

### III. Certificate of Appealability

#### A. Applicable Standards

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v. United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

[I]n order to make a substantial showing of the denial of

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

>    a federal right a petitioner ... "must demonstrate that
>    the issues are debatable among jurists of reason; that a
>    court could resolve the issues [in a different manner];
>    or that the questions are 'adequate to deserve
>    encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. *Id.*

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright*, 220 F.3d at 1026 (quoting *Slack*, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1)

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

FINDINGS AND RECOMMENDATION

(emphasis added). The Court need not explain why a certificate *should* issue. *Id*.

### B. Discussion

For the reasons set forth above and in the Order of September 29, 2005, it is clear that Gulbranson procedurally defaulted Claims 1, 2, 3, 5, and 7 and that his default is unexcused. Gulbranson did not even attempt to show cause for his procedural default. He relies instead on a legally insupportable argument regarding the trial court's subject-matter jurisdiction. Thus, reasonable jurists would find that the procedural ruling is correct. It is also clear that Claims 4, 6, and 8 are moot, because Gulbranson has been released, and that no habeas relief is available on Claims 9 and 10. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Gulbranson's Petition (doc. 2) should be DISMISSED and a certificate of appealability should be DENIED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to

prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Gulbranson must immediately advise the Court of any change in his mailing address.

DATED this _1st_ day of September, 2006.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10